UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELMER LEE MOORE,

        Plaintiff,

        v.         CAUSE NO.: 3:19-CV-411-RLM-MGG

ERIC HOLCOMB, et al.,

        Defendants.

## OPINION AND ORDER

Elmer Lee Moore, a prisoner without a lawyer, filed an amended complaint. This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Moore's initial complaint alleged that he was convicted of a sex offense in February 2006. In 2011, he was released from the custody of the Indiana Department of Correction but was informed that he was designated as a sexually

violent predator by operation of the law. He asserted that the statutory scheme for sexually violent predators violated the separation of powers doctrine and the Ex Post Facto Clause, but the court denied leave to proceed on the initial complaint because the federal separation of powers doctrine doesn't apply to the State governments and because federal courts have found that similar statutory schemes didn't violate the Ex Post Facto Clause. ECF 3. Nevertheless, the court granted Mr. Moore leave to file an amended complaint.

The amended complaint, asserts that the State of Indiana and the Sheriff of Elkhart County have slandered his name by listing him on the sexually violent predator registry. Slander is a type of defamation, which is a State law claim, *see* Kelley v. Tanoos, 865 N.E.2d 593, 596–597 (Ind. 2007), and, according to the amended complaint, all parties reside within the State of Indiana. The amended complaint raises no federal questions, and there is no diversity of citizenship between the parties. The court lacks subject matter jurisdiction over this claim. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity of citizenship jurisdiction).

For these reasons, the court DISMISSES this case pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

SO ORDERED on July 29, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT

2